Uri Babbit *vs.* Daniel Johnson and Benjamin Dunout.

The act of the 11th of November, 1818, which prohibits *a Deputy Jailer, or any person who is confined within the liberties of any jail, from officiating as a Judge or Justice in any case arising under the 12th Section of an Act, entitled,* " An Act relating to Jails and Jailers, and for the relief of persons imprisoned therein," will not extend to the doings of a Commissioner of Jail Delivery, who has acted in that capacity while confined to the liberties of the jail-yard.

This case came up for trial upon the following state-
ment of facts agreed upon by the parties :

" The defendants admit due execution and assignment
by the Sheriff of the bond declared on, and also the recov-
ery of the judgement, issuing of execution, and commit-
ment of Johnson, one of the defendants, to jail, as set forth
in said declaration.

Babbit
vs.
Johnson & al.

"And on the other hand, the plaintiff admits that a citation was duly taken out & served on him to appear before the Jail Commissioners, on the 28th day of October, 1829, to shew cause why said Johnson should not be admitted to take the poor debtors' oath : That he attended, and made objections on the ground that said Johnson owned property---that said Jail Delivery Court was holden by T. Merrill 2d, and Aaron Porter, only---both of whom were duly appointed, together with B. F. Deming, Jail Commissioners for said County, for said year : That said Merrill and Porter decided that said Johnson was entitled to take the oath, which was administered by said Merrill ; and that two certificates, as prescribed by statute, were made, signed by said Merrill and Porter, and delivered to said Johnson---one of which was by said Johnson, on the same day, left with the then keeper of the jail in said County ; and that afterwards, on the same day, and not before said Johnson departed out of the liberties of said prison. It is also agreed, that at the time of holding said Jail Delivery Court, said Aaron Porter was confined a prisoner within said liberties, by virtue of an execution issued upon a judgement in favor of J. B. Pitkin, by his guardian, J. Bowers, against said Porter. Now, if from the above facts, the Court should be of opinion that the plaintiff is entitled to recover, judgement is to be rendered in his favor for his debt, damages and costs----if otherwise, that defendants shall recover their costs."

*After argument,* The opinion of the Court was pronounced by

PADDOCK, J.---The case which the parties have brought before the Court for our consideration, involves this question : that is, whether the act of 11th November, 1818, which prohibits *a Deputy Jailer, or any person who is confined within the limits of any jail, from officiating as a Judge or Justice in any case arising under the* 12th *section of an Act entitled,* "An Act relating to Jails and Jailers, and for the relief of persons imprisoned therein," will extend to the doings of a Commissioner of Jail Delivery, who has acted in that capacity while confined to the liberties of the jail-yard.

CALEDONIA,
March,
1831.

Babbit
vs.
Johnson & al.

The 12th section of the law of 1797, relating to Jails and Jailers, and persons imprisoned therein, authorizes a prisoner who is unable to pay, to apply to a Judge of the Supreme or County Court, and a Justice of the Peace, to be discharged from his imprisonment; constituting said Judge and Justice a Court of Jail Delivery for the purpose of examining such applicant, and if found to come within the provisions of the law, to administer the oath to him therein described, and give him certificates of his discharge from imprisonment. On the 11th day of November, 1818, the Legislature passed the act prohibiting a Deputy Jailer or any other person who thereafter shall be confined within the limits of said prison, from officiating as a Judge or Justice, &c.; and on the 16th day of November, 1829, the Legislature passed another act, directing the Supreme Court annually, at the Law Term in each County, to appoint three Commissioners, which Commissioners, the act declares shall *exclusively* perform the same duties within their respective Counties, which were before performed by a Judge and Justice of the Peace. This act, although it repeals the 12th section of the act of which it is an amendment, puts no restrictions upon Commissioners who may by chance be imprisoned, nor does it in any manner allude to the act of 11th of November, 1818. The question then arises, Can the act last named, upon any ordinary method of construction, govern that which was subsequently passed on the 16th November, 1829? The act of the 11th is not a portion of the laws directing the method of jail delivery; but a provisional suspension of magistrates from acting under the authority of the 12th section of the law of 1797, who were themselves confined within the limits of the jail-yard: It is not a law under which any authority heretofore have acted, but is prohibitory: not creating an operative power, but restricting one already created.---It bears upon the 12th section, only modifying and restricting its operation; and is to be taken as an appendage to it.---It follows then, that if the 12th section be repealed, the effect would be, to render this act a dead letter. We therefore consider, that the 12th section of the law of 1797, so far as, by its general terms, it permits Judges and Justices to officiate as members of Courts of Jail Delivery, who at

76

<div style="margin-left">CALEDONIA,
*March,*
1831.

Babbit
*vs.*
Johnson & al.</div>

the time may be confined in jail, or in its limits, is limited and modified by the act of the 11th November, 1818. So the act of the 16th of November, 1829, by creating a Board of Commissioners *exclusively* to perform the same duties, virtually repeals that portion of the 12th section, and with it, the act of the 11th of November, 1818. But if there were any doubt upon that subject, it would seem to be removed by a later law, passed in 1822, which points out what shall be disqualifications in Commissioners; and being confined to the jail, or its limits, is not included.

<div style="text-align: right">Judgement affirmed.</div>

*Charles Davis*, for plaintiff.
*Wm. Mattocks & James Bell*, for defendants.